IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-02058-LTB

PEMBINA NATION LITTLE SHELL BAND OF NORTH AMERICA,

Plaintiff,

v.

WELLS FARGO BANK N.A., and
ARONOWITZ & MECKLENBERG LLP,

Defendants.

---

ORDER DENYING MOTION FOR RECONSIDERATION

---

Plaintiff, Pembina Nation Little Shell Band of North America, filed a "Motion for Original Dismissal" (ECF No. 9) and "Objection to Dismissal" (ECF No. 10), on September 27, 2012. The documents were submitted *pro se* by Earl H. Brauch, who indicates that he is a "Tribal Trustee Property Representative" for the Plaintiff. Mr. Brauch, on behalf of the Plaintiff, objects to the Order of Dismissal and Judgment entered in this case on September 14, 2012. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). The Court construes Plaintiff's Objection liberally as a motion for reconsideration. The motion will be denied for the reasons stated below.

A litigant subject to an adverse judgment, and who seeks reconsideration by the district court of that adverse judgment, may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." *Van Skiver v. United States*, 952 F.2d 1241, 1243

(10th Cir. 1991). Plaintiff filed the motion for reconsideration within twenty-eight days after the Order of Dismissal and the Judgment were entered in the instant action. The Court, therefore, finds that the motion for reconsideration is filed pursuant to Rule 59(e). *See* Fed. R. Civ. P. 59(e).

The three major grounds that justify reconsideration are: (1) an intervening change in the controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice. *See Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). Upon review of the motion for reconsideration and the entire file, the Court concludes that Plaintiff fails to demonstrate that any of the grounds justifying reconsideration exist in his case.

The Court dismissed this action because, pursuant to the Court's local rules, a corporation, partnership, or other legal entity such as a trust "cannot appear without counsel admitted to practice before this court . . . ." D.C.COLO.LCivR 83.3D; *Amoco Prod. Co. v. Aspen Grp.*, 25 F.Supp.2d 1162, 1166 (D. Colo.1998); *see also C.E. Pope Equity Trust v. United States*, 818 F.2d 696, 697-98 (9th Cir.1987) ("He may not claim that his status as trustee includes the right to present arguments *pro se* in federal court."); *Knoefler v. United Bank of Bismarck*, 20 F.3d 347, 348 (8th Cir.1994) ("A non-lawyer, such as these purported [*pro se* trustees], has no right to represent another entity, *i.e.*, a trust, in a court of the United States."). Mr. Brauch is not a licensed attorney, and, therefore, he may not represent Pembina National Little Shell Band of North America, or any other entity, in this action. *See* 28 U.S.C. § 1654. On August 7, 2012, the Court ordered Mr. Brauch to submit a Complaint and a Motion for Leave to

Proceed Pursuant to 28 U.S.C. § 1915, on his own behalf, but he failed to do so by the court-ordered deadline.

Plaintiff now moves for reconsideration of the order of dismissal on the basis that he was appointed as the Tribal Trustee Representative for the subject real property by Chief Lawrence Henry. Mr. Brauch also makes numerous citations to various federal laws and the Constitution which are largely unintelligible. Mr. Brauch fails to demonstrate an intervening change in the controlling law, the availability of new evidence, or the need to correct clear error or prevent manifest injustice. *See Servants of the Paraclete*, 204 F.3d at 1012. The motion for reconsideration will be denied because Mr. Brauch has not asserted any of the major grounds that would justify reconsideration in this case. *See Servants of the Paraclete*, 204 F.3d at 1012.

Accordingly, it is

ORDERED that Objection to Dismissal (ECF No. 10), filed on September 27, 2012, which the Court has construed liberally as a motion for reconsideration, is DENIED. It is

FURTHER ORDERED that the Motion for Original Dismissal (ECF No. 9), filed on September 27, 2012, is DENIED.

Dated at Denver, Colorado this 9th day of October, 2012.

BY THE COURT:

s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court